

**FILED**

**SEPTEMBER 9, 2008**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JIMMY ARAGON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0115 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## TO AFFIRM THE DECISION OF THE COMMISSIONER

Plaintiff JIMMY ARAGON brings this cause of action pursuant to 42 U.S.C.

§ 405(g), seeking review of a final decision of defendant MICHAEL J. ASTRUE, Commissioner

of Social Security (Commissioner), denying plaintiff's application for supplemental security

income (SSI) benefits. Both parties have filed briefs in this cause. For the reasons hereinafter

expressed, the undersigned United States Magistrate Judge recommends the Commissioner's

decision finding plaintiff not disabled and not entitled to benefits be AFFIRMED.

I.
PROCEEDINGS

Plaintiff protectively filed for supplemental security income (SSI) benefits under Title

XVI of the Social Security Act on October 25, 2004, alleging disability due to hepatitis C, back

problems, and asthma. (Transcript [hereafter Tr.] 36). The Social Security Administration

denied benefits initially, and upon reconsideration.

An administrative hearing was held before Administrative Law Judge (ALJ) George W.

Reyes on October 27, 2006. (Tr. 248-273). At the time of the hearing, plaintiff was 54-years-old and had past relevant work experience as a dishwasher.[1] (Tr. 16). On February 16, 2007, the ALJ issued an unfavorable decision, denying plaintiff disability benefits. (Tr. 12-20). The ALJ found that plaintiff had not engaged in substantial gainful activity since plaintiff's alleged onset date,[2] (Tr. 19, Finding No. 1), and that plaintiff suffered from chronic back pain, which was a severe impairment within the meaning of 20 C.F.R. § 416.920. (Tr. 19, Finding No. 2). The ALJ found such impairment, however, did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19, Finding No. 3). The ALJ assessed plaintiff a residual functional capacity (RFC) for light work, (Tr. 18), found plaintiff was not precluded from engaging in his past work as a dishwasher, and, therefore, was not disabled. (Tr. 19, Finding Nos. 6, 8).

Upon the Appeals Council's denial of plaintiff's request for review on May 20, 2007, the ALJ's determination that plaintiff is not under a disability became the final decision of the Commissioner. (Tr. 4-6). Plaintiff now seeks judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g).

## II.
## ISSUE

The only issue before the Court is whether the ALJ's determination at Step 4 of the five-step sequential analysis—that plaintiff retained the ability to perform his past relevant work as a

---

[1]At the time of the hearing, plaintiff was working part-time as a dishwasher. (Tr. 38, 59, 258). As discussed in the ALJ's decision, plaintiff testified he could stand washing dishes for 20-30 minutes, and then would have to take a 10-15 minute break. (Tr. 16). The ALJ further summarized plaintiff's duties as a dishwasher, stating, "He does not lift more than a pound of dishes and passes [them] through the machine." (*Id.*).

[2]The ALJ made this finding despite making the following observation in his decision: "The claimant claims a January 1, 2004 alleged onset date but worked substantial gainful activity in 2005." (Tr. 17).

dishwasher and was not disabled—was supported by substantial evidence.

III.
<u>STANDARD OF REVIEW</u>

In reviewing disability determinations by the Commissioner, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Commissioner's factual findings and whether any errors of law were made. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). To determine whether substantial evidence of disability exists, four elements of proof must be weighed: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive, and the reviewing court may not substitute its own judgment for that of the Commissioner, even if the court determines the evidence preponderates toward a different finding. *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980). Conflicts in the evidence are to be resolved by the Commissioner, not the courts, *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977), and only a "conspicuous absence of credible choices" or "no contrary medical evidence" will produce a finding of no substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). Stated differently, the level of review is not *de novo*. The fact that the ALJ <u>could</u> have found plaintiff to be disabled is not the issue. The ALJ did not do this, and the case

comes to federal court with the issue being limited to whether there was substantial evidence to support the ALJ's decision.

## IV.
## MERITS

In his sole point of argument, plaintiff asserts that all a claimant must show to establish disability due to "severe and disabling pain ensuing any prolonged physical exertion" is "' that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [the claimant's] symptoms such as pain.'" (Plaintiff's Brief at 3-4) (quoting 20 C.F.R. § 404.1529(c)(1))[3]. Such argument fails because 20 C.F.R. § 416.929(c)(1) only refers to how the Commissioner will evaluate a claimant's symptoms, such as pain, and any resultant impact such symptoms may have upon a claimant's ability to work. The applicable regulations do not direct a finding of disability whenever a claimant experiences pain. Plaintiff also asserts the ALJ failed to properly credit plaintiff's pain in rendering his decision. Plaintiff does not assert any other errors.

On December 27, 2004, plaintiff was examined by a Department of Disability Determination consulting physician. The consulting examiner made the following observations:

> Motor strength is symmetrical in both upper and lower extremities. Muscle strength is grade 5/5 in all muscle groups. There is no focal atrophy or fasciculation present. The intrinsic muscles of [his] hands also have normal strength bilaterally with good grip on both sides. Reflexes are symmetrical. . . . Sensory examination demonstrates normal sensory functions to all four modalities with no evidence of sensory disturbance in neuropathic or radicular distribution abnormality. . . . Gait is normal.
>
> Answering questions, patient can sit, stand, move about. He can feel, handle and carry objects. He can hear and speak. He has a normal gait. He has normal

---

[3]Because this is an SSI benefits case, and not a disability insurance benefits case, the appropriate section would actually be 20 C.F.R. § 416.929(c)(1).

motion of his hands and can button clothes and pick up a pencil. He has no disorganization of motor function.

(Tr. 188). After this exam, plaintiff was denied benefits upon a finding that he did not suffer from a severe impairment. (Tr. 21, 198).

From August 1995 to February 2004, plaintiff was incarcerated. (Tr. 44). Throughout his incarceration, plaintiff received treatment for lower back pain, including a prescription for a back brace to be worn while plaintiff worked.[4] (Tr. 95). However, the medical records do not reflect plaintiff sought any treatment from the alleged onset date of his back pain, January 1, 2004, to the date he filed for disability, October 25, 2004. In fact, plaintiff did not seek medical treatment for his back pain until March 3, 2005. (Tr. 225-27). On that date, plaintiff saw Dr. Pablo Molina at the J. O. Wyatt Community Health Center (Wyatt Clinic), complaining of pain in his lower back and left shoulder. (*Id.*). During Dr. Molina's exam, the doctor noted plaintiff had good range of motion in his extremities, although it was painful for plaintiff to abduct or extend his arm; plaintiff's back was tender over the lower spine area; there were no sensory or motor losses detected; and heel-to-toe walking, heel walking, and toe walking were all normal. (Tr. 226). Dr. Molina assessed plaintiff as having lower back pain secondary to degenerative joint disorder and shoulder pain due to osteoarthritis and possibly bursitis. (Tr. 226-27). Dr. Molina prescribed medication for pain management and ordered x-rays and an MRI of plaintiff's lower spine. (Tr. 227). The x-ray of plaintiff's lower back, performed on March 3, 2005, showed "[s]evere degenerative changes . . . present at the L4-5 level where there [was] severe disk space narrowing, eburnation, [and] marginal osteophytes." (Tr. 231). The x-ray also detected a mild degenerative change at the L3-4 level. (*Id.*). On March 9, 2005, plaintiff

---

[4]The records do not indicate prison physicians ever restricted plaintiff from working.

underwent an MRI of his lower back. The MRI revealed multilevel degenerative disk disease, with the most advanced disease found in the L4-5 level, a moderately compressive disk herniation at L4-5, and mild canal stenosis at L3-4. (Tr. 229).

On May 4, 2005, plaintiff was seen by Dr. Molina for a follow-up exam. After the exam, Dr. Molina noted plaintiff was "[w]ell-developed, well-nourished, [with] no obvious acute distress," and recommended plaintiff be sent to physical therapy for his back pain. (Tr. 221). The record does not indicate that plaintiff ever followed with the recommended physical therapy. Plaintiff saw Dr. Molina again on August 29, 2005, but did not complain of back pain at that time. (Tr. 216).

The medical records indicate plaintiff did not seek medical treatment again until March 21, 2006, when he saw Dr. Vicki Hubbard at the Wyatt Clinic. (Tr. 209). Dr. Hubbard prescribed muscle relaxers and pain medication, and referred plaintiff to pain management for epidural steroid injections. (Tr. 210). On April 5, 2006, plaintiff was seen by Dr. Dennis Ice for an initial exam. After the exam, Dr. Ice noted plaintiff could heel and toe walk, but that his gait was "slightly antalgic from his left-sided pain." (*Id.*). Dr. Ice further noted,

> In the standing erect position the patient is bent slightly to the right side. Bending forward is limited to 30 degrees. . . . Palpation of the facet joints at L1, L2, L3, L4, and L5 is very painful, more painful on the left side. Straight leg raising is positive on the left side. Crossed straight leg raising is negative. . . . Deep tendon reflexes are 2+, symmetrical, and equal in all extremities. There are no Babinski or clonus. Motor responses are 4/5, and appear normal. Sensory examination reveals some hyperesthesia to touch on the anterior aspect of the left leg down to the foot. Cranial nerves II-XII are intact grossly.

(Tr. 201-202). Dr. Ice recommended continued use of muscle relaxers and pain medication, and scheduled plaintiff for an epidural steroid injection. (Tr. 202). The only such injection indicated by the record was administered on May 23, 2006. (Tr. 199-200). Plaintiff later reported to Dr. Hubbard at the Wyatt Clinic that he experienced three to four weeks of relief from pain with the

injection. (Tr. 205). On June 22, 2006, Dr. Hubbard recommended plaintiff continue with the injections and ordered a nerve conduction study. (Tr. 206). The nerve study took place on June 27, 2006, and produced normal results, with no nerve abnormalities noted. (Tr. 235). The record does not contain any treatment records after the nerve study of June 27, 2006.

Pain can constitute a disabling impairment. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). However, pain is disabling only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Selders v. Sullivan*, 914 F.2d 614, 618-19 (5th Cir. 1990). By itself, the fact that plaintiff may suffer some pain while working is not enough to support a finding of disability. *Hames v. Heckler*, 707 F.2d 162, 166 (5th Cir. 1983). Rather, "[p]laintiff must show that [he] is so functionally impaired that [he] is precluded from engaging in substantial gainful activity." *Id.* (citations omitted). The decision of whether plaintiff's pain is disabling rests soundly within the discretion of the ALJ. *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988).

In determining whether pain is disabling, "the law requires the ALJ to make affirmative findings regarding a claimant's subjective complaints." *Falco*, 27 F.3d at 163. The ALJ's determination is entitled to considerable deference. *See James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). In the instant case, the ALJ considered plaintiff's allegations of pain, but found them not credible. After discussing plaintiff's testimony and the medical record, the ALJ stated, "Mr. Aragon's statements concerning his impairment and its impact on his ability to work is not credible in light of the degree of the reports of the treating and examining practitioners and the findings made on examination, and the claimant's assertions concerning his ability to work." (Tr. 18). The ALJ continued,

> Although the claimant has introduced medical evidence showing that he has an impairment reasonably expected to produce some pain, the Administrative Law

Judge cannot be required to believe every allegation of disabling pain. Many medical conditions produce pain not severe enough to preclude all gainful employment. The medical evidence demonstrates the claimant does have low back pain; however, the claimant is currently working and has been working since 2005. . . . Most of the claimant's medical records were post his alleged onset date. His current medical records reveal that the claimant has not been to physical therapy, attended a pain management center or had surgery. Other than the injections, the claimant's treating physician is treating the claimant conservatively. . . . The [ALJ] finds that the claimant may experience some degree of pain and discomfort with certain activities. However, mild-to-moderate pain or discomfort is not, in itself, incompatible with the performance of sustained work activity.

(*Id.*).

The ALJ clearly enunciated his reasons for denying plaintiff benefits, and such reasons are supported by the record. While the medical evidence does show plaintiff to suffer from pain, nothing in the record, or in plaintiff's own testimony, showed his pain rendered him totally incapacitated and, therefore, disabled. Plaintiff experienced sustained relief from his pain with the epidural steroid injection and, apparently, experienced relief from pain through his prescribed medications, as the record does not indicate plaintiff repeatedly sought additional measures to relieve his pain. The fact that plaintiff did not routinely seek treatment for pain can be evidence discounting its disabling nature. *See Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Furthermore, plaintiff's ability to work, albeit in pain, belies the very assertion that he is precluded from working by his back pain. Regardless of his motivation for working, *i.e.*, his parole officer required him to work as a condition of parole, plaintiff clearly was able to engage in some level of gainful activity. Moreover, the fact that plaintiff was working as a dishwasher at the time of the ALJ hearing supports the ALJ's determination that plaintiff retained the ability to perform his past work as a dishwasher, which constituted light work as plaintiff actually performed it. This Court finds that the ALJ's determination in this case is supported by substantial evidence. Consequently, it must be affirmed.

# V.
## RECOMMENDATION

THEREFORE, for all of the reasons set forth above, it is the opinion and recommendation of the undersigned to the United States District Judge that the decision of the defendant Commissioner finding plaintiff not disabled and not entitled to a period of disability benefits be AFFIRMED.

# VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of September 2008.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the

Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).